

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMERICAN ECONOMY INSURANCE COMPANY, | No.    16-35606 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-00899-RSM |
| v. | MEMORANDUM[*] |
| CHL, LLC, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted May 7, 2018[**]
Seattle, Washington

Before:  GOULD and IKUTA, Circuit Judges, and FREUDENTHAL,[***] Chief District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Nancy Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

CHL, LLC appeals the district court's order granting summary judgment in favor of American Economy Insurance Company (AEIC) on AEIC's claim for declaratory relief that it properly denied CHL's insurance claim and on CHL's counterclaims that AEIC's coverage decision was unreasonable. We have jurisdiction under 28 U.S.C. § 1291.

We reject CHL's argument that a building's "collapse" in the relevant policies includes all violations of the structural safety portions of the state building code, because the Washington Supreme Court has defined "collapse" in a materially identical insurance policy to require "an impairment so severe as to materially impair a building's ability to remain upright," *Queen Anne Park Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 352 P.3d 790, 794 (Wash. 2015). Contrary to CHL's assertion, *Queen Anne*'s statement that this impairment must *also* be one that "renders all or part of a building unfit for its function or unsafe," does not alter the first requirement that the damage materially impair a building's (or part of a building's) ability to remain upright. *Id.*

Here, AEIC's engineer's report concluded that the damaged framing for which CHL sought coverage was interspersed with less decayed or non-decayed framing in a manner that allowed the framing as a whole to "support the weight and loads imposed on the buildings at these locations," and CHL produced no

2

evidence to the contrary.  The district court therefore did not err in concluding that CHL failed to raise a genuine issue of material fact whether the damage "materially impair[ed] [all or part of the Masters Apartments'] ability to remain upright." *Id.* Nor was it unreasonable for the district court to consider the fact that the Masters Apartments had "remain[ed] upright" for 12 years and had remained in continuous use (i.e., had not been "render[ed] . . . unfit for its function or unsafe").[1]  *Id.*

    **AFFIRMED.**

---

[1] Because AEIC was reasonable in its denial of coverage, we also affirm the district court's grant of summary judgment to AEIC on CHL's counterclaims.